**Alvin SHEERR, Appellant,**

v.

**Francis R. SMITH, Formerly Collector of Internal Revenue.**

**No. 12235.**

United States Court of Appeals
Third Circuit.

Argued Oct. 24, 1957.

Decided Nov. 6, 1957.

Herman H. Krekstein, Philadelphia, Pa. (Sol Spiegel, Philadelphia, Pa., on the brief), for appellant.

Helen A. Buckley, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Ellis N. Slack, I. Henry Kutz, Walter R. Gelles, Attorneys, Department of Justice, Washington, D. C., C. Clinton Fogwell, Jr., U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

The taxpayer, Alvin Sheerr, seeks to recover for income tax deficiency for the years 1945 and 1946 which he has paid. The theory of his claim is that the Commissioner was incorrect in alleging that partnership income received and reported by the plaintiff's wife was taxable to him. The trial court found against him, D.C. E.D.Pa.1957, 148 F.Supp. 536, 540. The court came to the conclusion that "Alvin and the other brothers did not in good faith with a business purpose intend to join Vivian [who is Alvin's wife] as a partner in the conduct of the enterprise and, therefore, in contemplation of the income tax laws the income was not her money but Alvin's." This conclusion is fully supported by the evidence. The wife's (Vivian) contribution to the partnership was a loan from a bank which her husband guaranteed. She had nothing to do with the running of the business, rendered no services for it and took no part in management. As the trial court says, "Indeed, because of her lack of business training and experience she would have been of no help in the management of the business if she had been consulted." When the partnership enterprise sold out to a corporation the proceeds of Vivian's share were invested by her husband with one minor exception.

We think it quite clear that on the evidence the district court was justified in concluding that the elaborate arrangement made in this case did not make Vivian a partner within the tests of Commissioner of Internal Revenue v. Tower, 1946, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670; Lusthaus v. Commissioner of Internal Revenue, 1946, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679; Commissioner of Internal Revenue v. Culbertson, 1949, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659.

The judgment of the district court will be affirmed.